IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kenneth L. GROVER, Attorney at Law.

Supreme Court

*No. 95–0223–D. Filed November 1, 1995.*

(Also reported in 539 N.W.2d 448.)

PER CURIAM.   We review the recommendation
of the referee that the license of Kenneth L. Grover to

practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of his failing to clearly communicate a fee agreement with a client in a worker's compensation matter, charging that client an excessive fee, and failing to represent him competently. In addition to the license suspension, the referee recommended that Attorney Grover be required to refund to the client that portion of the fee he collected to which he was not entitled, plus statutory interest on that amount.

We determine that the recommended license suspension is appropriate discipline to impose for Attorney Grover's misconduct established in this proceeding. We also order Attorney Grover to make the reimbursement recommended by the referee. It appears from the record that Attorney Grover's failure to adequately communicate to his client the matter of his fee and his charging a fee far greater than that provided by statute resulted not from Attorney Grover's intent to obtain more of a fee than that to which he was entitled but from his inexperience and unfamiliarity with the worker's compensation laws.

Attorney Grover was licensed to practice law in Wisconsin in 1952 and practices in Stevens Point. He has been disciplined for professional misconduct on three prior occasions: in 1980 he was privately reprimanded by the Board of Attorneys Professional Responsibility (Board) for failing to keep adequate records of personal dealings with clients, thereby creating the appearance of impropriety; in 1981, he was privately reprimanded by the Board for failing to file proposed findings, conclusions and judgment in a divorce action within the time specified by statute; in 1988 the Board publicly reprimanded him for neglect of client matters.

Following a disciplinary hearing, the referee, Attorney David Friedman, made the following findings of fact, most of which Attorney Grover admitted in his answer to the Board's complaint. In June, 1988, Attorney Grover was retained to represent a client who had sustained injuries in an industrial accident at his place of employment. At the initial meeting with the client, Attorney Grover stated that he could receive only $100 for services in the worker's compensation matter but could get a fee of 20 percent of any recovery on a third-party claim brought in connection with the injury.

In March, 1989, Attorney Grover wrote to the worker's compensation insurer mentioning his attorney's lien for his fee in the matter and asking whether the insurer believed there was third-party liability of either the client's employer or the manufacturer of the machine that caused his client's injury. In response, the insurer began withholding 20 percent of the client's weekly temporary total disability benefits it was paying. Attorney Grover then clarified to the insurer that he was claiming a statutory lien only in respect to any permanent disability benefits his client would be entitled to receive.

In July, 1989, the insurer reported to Attorney Grover that, based on a physician's report and according to a benefit calculation worksheet, the client was entitled to permanent partial disability benefits of just over $22,500 and that the insurer would withhold 20 percent of that amount for Attorney Grover's fees. The insurer then paid the client some $3600 in accrued benefits.

When he wrote his client asking whether he was satisfied with the physician's report, Attorney Grover stated that even if the client settled with the insurer, a third-party action could be brought against the manu-

facturer of the equipment or against the employer. The client did not challenge the physician's finding and the worker's compensation claim was resolved on an uncontested basis.

When Attorney Grover and the client subsequently discussed the fee in the matter, Attorney Grover told him he owed 20 percent of the recovery. The client responded that he believed the fee would be only $100 but when Attorney Grover insisted, the client gave him a check for $3000, written on the proceeds from the accrued benefits check he had received.

When the insurer told him it would not release the withheld benefits as his fee without an order of the Department of Industry, Labor and Human Relations, Attorney Grover asked DILHR to release the fees, stating that the 20 percent of the recovery he was charging did not apply to the client's monthly benefits received while recuperating off the job, for which he would charge the client only $100. DILHR then asked Attorney Grover for a copy of a signed fee agreement and an explanation of how the client's benefits were in dispute, as its file did not indicate that the claim had been disputed.

After receiving that information, Attorney Grover told his client that DILHR required a retainer agreement and on October 23, 1989, had his client sign an agreement reciting that it had been entered into the preceding June and setting forth that the client might wish to bring a third-party action against his employer or its compensation insurer, for which the client agreed to pay Attorney Grover 20 percent of the amount at which his claim were compromised or of the amount collected.

In July, 1990, Attorney Grover told the insurer he was abandoning any claim of attorney's lien on the

withheld benefits and the insurer sent those funds to the client. The following day, at Attorney Grover's request, the client signed a paper authorizing Attorney Grover to proceed with an action against the employer, specifically holding Attorney Grover harmless from any claim the client might have in the event he were to lose his job as a result of bringing that action.

Several times in early 1991, Attorney Grover asked his client whether he wanted to bring a third-party action against the employer and told him that the October, 1989 retainer agreement was "in the nature of" an agreement for the client to obtain worker's compensation under the applicable statutes. When the client told him he did not want to bring a third-party action against the employer, Attorney Grover stated that, on the basis of the retainer agreement, he was entitled to 20 percent of the amount of benefits paid by the insurer. Accordingly, he claimed the client owed him $4500, acknowledging that his services rendered in the matter did not support a fee in that amount but insisting that the retainer agreement provided for it.

As the client had already paid him $3000, Attorney Grover offered to split evenly the balance he claimed was owing to him, and the client sent him a check for some $600. Because no third party claim was filed on behalf of the client and because the 20 percent figure specified in the statute relates only to contested benefit claims, the referee found that Attorney Grover was not entitled to receive fees based on the retainer agreement specifying the statutory 20 percent figure.

On the basis of those facts, the referee concluded that Attorney Grover failed to communicate the fee agreement with his client, in violation of SCR

20:1.5(b),[1] in that he did not adequately explain the basis on which his fee would be calculated. The referee noted that this was the first time the client retained an attorney. The referee also pointed out that the retainer agreement did not make clear how the $100 statutory limit on attorney fees for uncontested claims related to the 20 percent fee specified in the retainer agreement.

The referee further concluded that Attorney Grover charged the client an excessive fee in respect to the potential third-party claim, in violation of SCR 20:1.5(a).[2] As it was uncontested that Attorney

---

[1] SCR 20:1.5 provides, in pertinent part:

**Fees**

. . .

(b)  When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.

[2] SCR 20:1.5 provides, in pertinent part:

**Fees**

(a)  A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1)  the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)  the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)  the fee customarily charged in the locality for similar legal services;

(4)  the amount involved and the results obtained;

(5)  the time limitations imposed by the client or by the circumstances;

(6)  the nature and length of the professional relationship with the client;

(7)  the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8)  whether the fee is fixed or contingent.

Grover's record of time and expense on the matter totaled $1170 and that the client had paid Attorney Grover in excess of that amount, the referee concluded that Attorney Grover was overpaid in the amount of $2763.24.

The referee also concluded that Attorney Grover failed to represent his client competently in respect to any third-party claim he may have had, in violation of SCR 20:1.1.[3] In that respect, the referee had found that Attorney Grover did not pursue inquiries he had made concerning his client's injury and made no effort himself to locate the manufacturer of the equipment that had caused the injury but relied on his client and the compensation insurer to pursue those inquiries.

The referee rejected the Board's contention that Attorney Grover engaged in deceit or misrepresentation in his dealings with the client in this matter. While the referee acknowledged that the Board clearly established Attorney Grover's inability to effectively communicate with his client and his inexperience in the area of worker's compensation, he found no clear and satisfactory evidence that the lack of precise communication rose to the level of deceit or misrepresentation.

We adopt the referee's findings of fact and conclusions of law. As discipline for the professional misconduct established by those facts and conclusions, we impose the license suspension and restitution recommended by the referee.

---

[3] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

IT IS ORDERED that the license of Attorney Kenneth L. Grover to practice law in Wisconsin is suspended for a period of 60 days, commencing December 4, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order Kenneth L. Grover make reimbursement to his client as recommended by the referee in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Kenneth L. Grover pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Kenneth L. Grover to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Kenneth L. Grover comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

WILLIAM A. BABLITCH, J., did not participate.